IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN F. LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0406 (RJL) |
| ) | |
| NATIONAL CREDIT UNION ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT NATIONAL CREDIT UNION
ADMINISTRATION'S  MOTION TO DISMISS**

Defendant National Credit Union Administration respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), to dismiss the Complaint because Plaintiff has failed to exhaust her administrative remedies as required to go forward with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  In support of this Motion, the National Credit Union Administration refers the Court to the accompanying Memorandum of Points and Authorities and Declaration of Steven W. Widerman.  A proposed Order consistent with this Motion is also attached.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530


OF COUNSEL:

JON J. CANERDAY
Trial Attorney
National Credit Union Administration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN F. LONG, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-0406 (RJL) |
| NATIONAL CREDIT UNION ADMINISTRATION, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL CREDIT UNION ADMINISTRATION'S MOTION TO DISMISS**

Plaintiff filed this civil action originally in the Superior Court for the District of Columbia. The action has been removed to the United States District Court for the District of Columbia.

Plaintiff named the National Credit Union Administration as the defendant in this case. Plaintiff alleges that the Treasury Department Federal Credit Union made an error in the processing of plaintiff's Individual Retirement Account (IRA) and that there are funds missing from the IRA account. Although named as defendant in this action, there are no claims against the National Credit Union Administration.

The Federal Tort Claims Act requires that Plaintiff initially file an administrative claim with the agency prior to suit in the District Court. As the Declaration of Steven W. Widerman sets forth, Plaintiff has filed no administrative claim under the Federal Tort Claims Act with the

National Credit Union Administration. [1]Accordingly, Plaintiff has not exhausted her administrative remedies as required to go forward with a Federal Tort Claims Act claim against the National Credit Union Administration and Plaintiff's claim must be dismissed.

## STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998). Plaintiff asserts no jurisdictional basis to support his claim for relief and this action should be dismissed.

## ARGUMENT

Sovereign immunity bars all suits against the United States except in accordance with the

---

[1] Defendant submits the Declaration of Steven W. Widerman in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims. It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F 2d. 192, 197-98 (D.C. Cir. 1992); Bonterra America, Inc. v. Bestmann, 907 F. Supp 4, 5 n. 1 (D.D.C. 1995); see also, Holt v. United States, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).

explicit terms of statutory waiver of such immunity.  United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976).  A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign.  Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed").  The construction of the statute favoring the sovereign must be followed as long as it is "plausible."  Nordic Village, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in a situation where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed.  Plaintiff's failure to properly adhere to the FTCA's administrative claim is fatal.

The FTCA defines the terms upon which the United States may be sued and "absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it."  GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987).  28 U.S.C. § 2675(a) reads as follows: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA. McNeil v. United States, 508 U.S. 106, 111 (1993). "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command." Id. at 112. As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri, 782 F.2d at 245; see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

     Plaintiff filed this lawsuit prior to presenting an administrative claim to the National Credit Union Administration. See Widerman Decl. At ¶ 4. This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his

claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Here, as Plaintiff filed this suit before presenting an administrative claim to the National Credit Union Administration, this Court should conclude that Plaintiff has failed to follow the administrative claim prerequisites of the FTCA. For these reasons, the Court should find that Plaintiff failed to exhaust administrative remedies and dismiss this case for lack of subject matter jurisdiction.

                                                                          Respectfully submitted,


                                                __/s/_____
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                 United States Attorney


                                                _/s/_____
                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

                                                __/s/_____
                                                WYNEVA JOHNSON, DC Bar #278515
                                                Assistant United States Attorney
                                                555 4th Street, N.W., E-4106
                                                Washington, D.C. 20530


OF COUNSEL:

JON J. CANERDAY
Trial Attorney
National Credit Union Administration

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant National Credit Union Administration's Motion To Dismiss and Memorandum of Points and Authorities In Support of Defendant National Credit Union Administration's Motion To Dimsiss, has been made by first class mail, postage prepared to:

KAREN F. LONG
P.O. Box 2807
Washington, D.C.  20013

in this 7th day of April, 2008.

_____
WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN F. LONG<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT UNION<br>ADMINISTRATION<br><br>Defendant. | Civil Action No. 08-0406 (RJL) |

## DECLARATION OF STEVEN W. WIDERMAN

I, Steven W. Widerman, make the following declaration in lieu of an affidavit, as permitted by 28 U.S.C. § 1746. The information contained herein is based upon my personal knowledge and belief:

1. I am currently serving as the Acting Associate General Counsel for Litigation and Liquidations with the Office of General Counsel of the National Credit Union Administration. I am acting in this position due to the absence of the Associate General Counsel for Litigation and Liquidations, John K. Ianno, who is away from the office performing military duties as an officer in the Navy Reserve.

2. This office is the custodian of the records related to the filing, evaluation, and disposition of administrative claims presented to the National Credit Union Administration under the Federal Tort Claims Act ("FTCA"). The FTCA is the exclusive administrative procedure for submitting claims to the National Credit Union Administration. This office maintains a record of each such claim filed against the Agency, which would include any claims arising from activities of the National Credit

1

Union Administration in the District of Columbia.

3. I have reviewed the Complaint filed herein, and am familiar with the allegations contained therein.

4. I have caused a thorough search of the National Credit Union Administration's FTCA records to be made, and have determined that as of this date no FTCA administrative claim has been filed by Karen Long, or any agent on her behalf, related to any matters arising out of the incidents described in the Complaint filed in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury, that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in Alexandria, Virginia on April 7, 2008.

Steven W. Widerman
Acting Associate General Counsel
National Credit Union Administration
Alexandria, Virginia 22314
703-518-6557

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN F. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-0406 (RJL) |
| | ) |
| NATIONAL CREDIT UNION ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

UPON CONSIDERATION OF Defendant National Credit Union Administration's Motion to Dismiss, any Opposition thereto, and of the entire record, it is hereby

ORDERED that defendant National Credit Union Administration motion is GRANTED, it is

FURTHER ORDERED that Plaintiff's complaint is hereby dismissed against the National Credit Union Administration.

_____
UNITED STATES DISTRICT JUDGE

cc:

WYNEVA JOHNSON  
Assistant United States Attorney  
555 4th Street, N.W., E-4106  
Washington, D.C. 20530

KAREN F. LONG  
P.O. Box 2807  
Washington, D.C. 20013